# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Mark Filip | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6243 | **DATE** | 4/15/2004 |
| **CASE TITLE** | Curtis Jones vs. GES Exposition Services, Inc., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION DENYING DEFENDANT CHAMPION EXPOSITION SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT: Defendant's motion for summary judgment is denied. Plaintiff may proceed with discovery. Status hearing set for 4/28/04 at 11:00A.M.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | APR 1 6 2004 date docketed | |
| ✓ | Docketing to mail notices. | | 72 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice |
| | | | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
APR 1 6 2004

CURTIS JONES, )
 )
        Plaintiff, ) Case No. 02 C 6243
 )
v. ) Judge Mark Filip
 )
GES EXPOSITION SERVICES, INC., )
VIAD CORP., FREEMAN DECORATING )
AND CHAMPION EXPOSITION SERVICES )
INC. )
 )
        Defendants. )

MEMORANDUM OPINION DENYING DEFENDANT CHAMPION EXPOSITION
SERVICES INC.'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Curtis Jones is an African-American union carpenter who works in the trade show business. He filed this action on August 30, 2002, and is proceeding *pro se*. Although Plaintiff has asserted multiple discrimination-related claims against the four Defendants, the pending motion for summary judgment relates only to Count V of Plaintiff's complaint, in which Plaintiff asserts claims against Champion Exposition Services, Inc. ("Champion" or "Defendant"). In Count V, Plaintiff alleges that Champion refused to hire him to work on a trade show due to racial discrimination and retaliation in violation of both Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., and also 42 U.S.C. § 1981 ("Section 1981"). On July 31, 2003, Judge Lefkow dismissed the Title VII-based racial discrimination claim from Count V. Defendant has moved for summary judgment concerning the remaining allegations in Count V—namely, refusal to hire as a result of racial discrimination, in violation of Section 1981, and retaliation for engaging in protected activity (the filing of a prior complaint of



racial discrimination), in violation of Section 1981 and Title VII.[1] For the reasons stated below, Defendant's motion is denied.

I. FACTUAL BACKGROUND

The following relevant facts, except as otherwise indicated, are taken from the parties' Local Rule 56.1 Statements of Material Facts and attached exhibits, and are not in dispute.[2]

Champion is in the business of operating trade shows. Champion employs union carpenters to assist in setting up and dismantling booths and other structures connected with the trade shows. Hiring for such work for any particular Champion show is done before the beginning of the show.

Back in 1997, Plaintiff filed an EEOC charge of discrimination against GES Exposition Services, Inc. ("GES"), another defendant in this case. Plaintiff later sued GES in federal district court in relation to that charge, but the district court granted summary judgment for GES in June

---

[1] Defendant suggests that Count V might be construed to include Title VII and Section 1981 claims for failure to promote. However, given that (1) Plaintiff has not alleged that he was an employee of Defendant; (2) the basis of Plaintiff's claims in Count V is that Defendant refused to hire him; and (3) Judge Lefkow appears to have previously interpreted Count V to include only failure to hire and retaliation claims in her July 31, 2003 dismissal order, this Court also finds that Count V does not assert claims for failure to promote.

[2] Although Plaintiff did not fully comply with Local Rule 56.1 because he did not provide specific citations to the record, he did attempt to respond, paragraph-by-paragraph, to the first twenty-four paragraphs of Defendant's Rule 56.1 Statement. Because Defendant agreed to "accept the nature of [Plaintiff's] responses as an effort to respond consistent with the Rule" (D.E. 66 at 2), and because of Plaintiff's *pro se* status and his apparent good faith effort, the Court will not, as permitted by Rule 56.1, deem the first twenty-four paragraphs of Defendant's 56.1 Statement admitted. However, because Plaintiff did not respond at all to paragraphs 25 through 36 of Defendant's 56.1 Statement, those proper factual assertions (as opposed to legal arguments) made by Defendant in paragraphs 25 through 36 that are supported with citations to admissible evidence will be deemed admitted for purposes of Defendant's motion. Both Plaintiff and Defendant are cautioned that future 56.1 filings must strictly comply with the Local Rules.

2

2001, and that judgment was affirmed by the Seventh Circuit in February 2002.[3]

There was an overlap of hiring personnel between the trade shows that were at issue in Plaintiff's 1997 EEOC dispute and related litigation and the employment opportunities at issue in Plaintiff's instant suit. Specifically, Bruce Braun and his brothers were the hiring foremen for co-defendant GES during the period in 1997 that was the subject of Plaintiff's 1997 EEOC charge and subsequent litigation.[4] Bruce Braun also was working as a foreman for GES on what the parties describe as "the NRA show," on which Plaintiff and a crew of other union carpenters worked from May 19 through May 23, 2002. In addition, at the time Plaintiff was employed in connection with the NRA show, Plaintiff knew that Mr. Braun also variously worked as a foreman for Champion, and that Champion would soon be hiring for an upcoming show involving the "Candy Exposition at McCormick" ("the candy show"). On May 23, 2002, Plaintiff spoke to Mr. Braun and Mike Weiber, another Champion foreman, about being hired for the Champion candy show. During their discussion on May 23, Mr. Braun and Mr. Weiber in

---

[3] In the summary judgment filings, the parties did not specify the dates that judgment was entered and affirmed in the lawsuit against GES stemming from the 1997 EEOC charge. Therefore, this information was taken from Plaintiff's complaint and Defendant's reply in support of its motion to dismiss.

[4] The factual support for Plaintiff's assertion that Mr. Braun and his brothers were foremen for GES during the period in 1997 that was the subject of Plaintiff's 1997 EEOC charge and subsequent litigation is set forth in paragraph 15 of the affidavit Plaintiff attached to his response to Defendant's summary judgment motion. (D.E. 65). While Defendant states that paragraph 15 "must be stricken and cannot be considered," (D.E. 66 at 3), Defendant does not give any reasons why the paragraph must be stricken and Defendant does not dispute that Bruce Braun and his brothers were the foremen for GES during the portion of 1997 in question. Accordingly, the Court will not strike paragraph 15 of Plaintiff's affidavit and will construe the facts set forth in that paragraph in Plaintiff's favor. *See Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004) (stating that the court "must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party.").

3

essence told Plaintiff that they could not hire Plaintiff for the candy show at that time, but that Champion would be hiring for the candy show on Friday, May 31, 2002. Mr. Braun told Plaintiff that he should therefore come back on May 31st.

Plaintiff came on May 31, 2002, as requested, but by that day, hiring had already been completed. In fact, the show was already in its third day and was in the process of being dismantled. As alluded to above, Champion asserts that its policy is that "[a]ny persons hired by Champion Services, Inc. [to] work as a union carpenter to either set up or dismantle a show must be present prior to the time the show begins for that is the time that hiring is done." (D.E. 55, at ¶ 29.) Plaintiff was told on May 31st that all the positions were already filled and that no hiring was being done, and so he did not fill out an application. Plaintiff observed that approximately ninety percent of the carpenters who had worked with him on the NRA show obtained positions on the candy show. Although it is not clear from the submissions what portion of the repeat-hires were white individuals, some of the positions for the candy show were filled by white workers.

Plaintiff claimed that Champion refused to hire him due to racial discrimination and in retaliation for Plaintiff's 1997 EEOC charge and subsequent suit against GES. Champion denied having a discriminatory or retaliatory motive and contends that Plaintiff was not hired because there were no positions available on May 31, 2002. Plaintiff filed his charge against Champion with the Equal Employment Opportunity Commission ("EEOC") on July 1, 2002 and the EEOC issued its "Notice of Right to Sue" letter to Plaintiff on July 8, 2002.

II.  ANALYSIS

Summary judgment is proper where "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether there is a genuine issue of fact, the court "must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party." *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004).

A.  Summary Judgment Appears Inappropriate Under Fed. R. Civ. P. 56(f).

It initially appears that summary judgment for Defendant is unwarranted because discovery has not closed and Plaintiff has not had a full opportunity to develop relevant evidence. Indeed, in the summary judgment papers, neither party cites to any deposition transcript or produced document. Instead, each party relies on its own respective single affidavit. Further, in his brief-in-opposition to summary judgment, Plaintiff requests that he should be given the opportunity to prove his claims. (D.E. 65 at 3.) Construing Plaintiff's *pro se* filing generously, as is required, *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001), this Court interprets Plaintiff's brief to be invoking Rule 56(f), which provides, in pertinent part, that "the court may refuse the application for judgment [in order for] . . . discovery to be had or may make such other order as is just." Fed R. Civ. P. 56(f); *see Square El v. O'Leary*, No. 87 C 0495, 1988 WL 10630, at *2 (N.D. Ill. Feb. 5, 1988) (finding, *sua sponte*, in action by *pro se* plaintiff, "that the summary judgment motion has been brought prematurely; plaintiff should have further opportunity for discovery before the motion is fully considered."). The underlying rationale for Rule 56(f) is that "[s]ummary judgment . . . should not be granted until the party opposing the motion has had an adequate opportunity for discovery." *Farmer v. Brennan*, 81 F.3d 1444, 1449 (7th Cir. 1996).

5

B.  Champion's Various Arguments That Further Discovery Could Not Be Material Are Not Persuasive.

Champion essentially asserts that further discovery by Plaintiff could not alter Champion's entitlement to summary judgment for three principal reasons: (1) Champion cannot be held liable for discrimination or retaliation because it is uncontested that no candy show positions were available and no hiring was done for the candy show on or after May 31, 2002; (2) Champion cannot be held vicariously liable for retaliation under Section 1981 for the actions of GES that formed the basis of Plaintiff's 1997 EEOC charge; and (3) Champion cannot be liable under Title VII or Section 1981 because the time period between when Plaintiff filed his charge against Champion with the EEOC on July 1, 2002, and when the EEOC issued its right-to-sue letter on July 8, 2002, did not provide an opportunity for meaningful conciliation. For the reasons explained below, each of these arguments is respectfully rejected.

Defendant first argues that it is entitled to summary judgment now, before the close of discovery, because "it is a sheer impossibility for there to have been any claim of actionable discrimination" as "there was absolutely no hiring taking place of anybody for any reason on the date on which Mr. Jones claims he sought employment." (D.E. 56 at 5.) Defendant's contention is without merit.

Defendant does not dispute that on May 23, 2002, when Plaintiff asked about hiring for the upcoming candy show, Defendant's foremen told Plaintiff that hiring would take place on May 31, 2002, and that Plaintiff should show up then. Defendant also does not dispute that by May 31, 2002, when Plaintiff showed up as he was directed, all positions had already been filled. In these circumstances, the fact that no hiring for the candy show took place on or after May 31,

6

2002, does not foreclose liability. If Plaintiff can prove that Defendant, with a discriminatory and/or retaliatory intent, told Plaintiff to show up on the wrong day to prevent Plaintiff from applying for a position on the candy show project, and that Plaintiff otherwise would have applied, Defendant might be held liable.[5] *See Loyd v. Phillips Bros., Inc.*, 25 F.3d 518, 523-24 (7th Cir. 1994) (holding that defendant could be held liable under Title VII for depriving plaintiff of the opportunity to apply for a position); *see also id.* at 523 ("[W]here an employer ordinarily entertains applications for a certain type of job but a plaintiff is deterred from applying by the very discriminatory practices he is protesting yet can show that he would have applied had it not been for those practices, a sufficient preliminary link between discrimination and adverse consequence is established"); *Schaffner v. Glencoe Park Dist.*, No. 99 C 4714, 2000 WL 655972, at *7 (N.D. Ill. May 19, 2000) ("Had plaintiff been able to demonstrate that defendant purposely hid the existence of the position from her and thus prevented her from applying, plaintiff might have been able to demonstrate discriminatory animus on defendant's part.").

In a related argument, Defendant also asserts that no actions of a foreman on May 23, 2002, could form the basis of Plaintiff's claim because, Defendant asserts, Plaintiff has conceded as much. In this regard, Defendant notes that in Plaintiff's 56.1 Statement, Plaintiff indicated that he agreed with paragraph 3 of Defendant's 56.1 Statement, which reads: "[t]he earliest and latest date that the discrimination that he [Plaintiff] alleges took place was on May 31, 2002 (as this is the date in the body of the [EEOC] Charge and another place in the Charge he indicates that the discrimination only took place on a single date (there described as May 30, 2002)."

---

[5] "Since Section 1981 claims are evaluated under the same rubric as Title VII claims," *Williams v. Waste Management of Illinois, Inc.* 361 F. 3d 1021, No. 03-1256, 2004 WL 574996, at *6 (7th Cir. March 24, 2004), the Court generally will not address them separately.

(D.E. 55 at 1-2.) However, Plaintiff's agreement with this statement could fairly be read to mean that May 31, 2002 is the date on which Defendant formally refused to hire him. After all, in the same filing in which Plaintiff indicates his agreement with paragraph 3, Plaintiff also specifies that he was told on May 23 that hiring would take place on May 31 and that he should show up on that day. Moreover, as mentioned above, the Court is required to construe "*pro se* filings liberally...." *Anderson*, 241 F.3d at 545. Therefore, the Court will not dismiss Plaintiff's suit on grounds that he stated that he agreed with paragraph 3 of Defendant's 56.1 Statement.[6]

The Court also respectfully rejects Defendant's second principal basis for granting summary judgment on Plaintiff's Section 1981 retaliation claim—namely, Defendant's "vicarious liability" argument. Defendant contends that it is entitled to summary judgment on the Section 1981 retaliation claim because Defendant

> had no agency or employment relationship with GES and therefore any act that GES may have engaged in or its agents may have engaged in cannot bind our agent based on something that he may have learned at a prior point in time and especially where all that he learned is alleged to be the fact that Jones filed an unsuccessful charge of discrimination.

---

[6] "As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included" in an EEOC charge. *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). However, EEOC charges, like Plaintiff's complaint, are to be construed generously. *See id.* "[I]f there is a reasonable relationship between the allegations in the charge and the claims in the complaint, and the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge," such claims are considered to be encompassed by the EEOC charge. *Id.* Plaintiff's EEOC charge states, in relevant part, that on May 31, 2002, "the foreman told me there were no positions available. I later learned that several co-workers from another company who worked with me under the same foreman were told to report to this job site for employment. This foreman was aware that I had filed a previous charge of discrimination with our previous employer." (D.E. 1 at 9). Since Plaintiff has essentially alleged in the charge that Champion told him one thing about the availability of employment and told his coworkers another, the allegations in the charge are reasonably related to and properly encompass Plaintiff's claim that he, unlike his coworkers, was told a few days earlier to show up on the wrong day for hiring.

8

(D.E. 56 at 8-9.) However, in his retaliation claim, Plaintiff is not seeking to hold Champion liable for prior acts of GES. The basis of Plaintiff's retaliation claim against Champion is that Champion refused to hire Plaintiff (through statements of Messrs. Braun and Weiber) because Champion knew that Plaintiff had filed a discrimination claim against GES, his former employer. The taking of an adverse employment action against a person because that person pursued a discrimination charge against another employer has been considered to constitute unlawful retaliation. *See Hale v. Marsh*, 808 F.2d 616, 618 (7th Cir. 1986) ("Had Hale's own employer, OSHA, fired or taken other adverse action against Hale because he had helped someone enforce her rights under Title VII [against another employer]. . . OSHA would be guilty of violating the retaliation provision."); *see also Thompson v. Proviso Township High Sch. Dist. 209*, No. 01 C 5743, 2003 WL 21638808, at *10 (N.D. Ill. July 10, 2003).

The Court also respectfully rejects Defendant's third asserted basis for summary judgment—that the EEOC issued the right-to-sue letter only eight days after Plaintiff's charge was filed with the EEOC, such that "there was an absolute unavailability and impossibility for the *statutorily necessary* conference conciliation and persuasion to have occurred and none did." (D.E. 56 at 3 (emphasis added)). Defendant has presented no meaningful argument or authority concerning whether the EEOC in fact had a duty to try to conciliate the dispute between Plaintiff and Defendant, and Defendant's argument fails on that basis. Moreover, in this regard, the Court's research appears to indicate that any EEOC duty to conciliate would have arisen only if the EEOC had determined after its investigation that there was reasonable cause to believe that Plaintiff's charge is true. *See* 42 U.S.C. § 2000e-5 ("If the Commission determines after such investigation that there is reasonable cause to believe that the charge is true, the Commission

9

shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion"); *compare also* 29 C.F.R. § 1601.20 (providing that the EEOC "may encourage the parties to settle the charge on terms that are mutually agreeable" prior to the EEOC issuing a determination of reasonable cause to believe that unlawful activity has occurred) *with* 29 C.F.R. §§ 1601.19 (appearing not to prescribe any EEOC conciliation opportunity if the EEOC reaches a "no cause" determination). Defendant has not even asserted, let alone presented evidence, that the EEOC made a "reasonable cause" determination in the alleged eight-day period between Plaintiff's complaint and the issuance of a right-to-sue letter, as opposed to some other determination concerning Plaintiff's complaint. This too by itself is a sufficient ground on which to set aside Defendant's argument on the record of the case to date.

Moreover, several courts, including the Seventh Circuit, have rejected arguments based on asserted inadequate opportunity for EEOC conciliation as the basis for dismissing Title VII claims, at least where the Plaintiff has not engaged in misconduct.[7] *See, e.g., Choate v. Caterpillar Tractor Co.*, 402 F.2d 357, 361 (7th Cir. 1968) ("A complainant may have no knowledge when he receives the required notification of what conciliation efforts have been exerted by the Commission. And more importantly, even if no efforts were made at all, the complainant should not be made the innocent victim of a dereliction of statutory duty on the part of the Commission."); *Long v. Ringling Bros.-Barnum & Bailey Combined Shows, Inc.*, 9 F.3d 340, 342 (4th Cir. 1993) ("Neither the Commission's failure to attempt conciliation nor an

---

[7] Defendant's argument regarding the period between the filing of the EEOC charge and the right-to-sue letter could not bar Plaintiff's Section 1981 claims in any event, because "§1981 does not require the filing of an EEOC charge before bringing an action in a federal court." *Walker v. Abbott Labs*, 340 F.3d 471, 474 (7th Cir. 2003).

10

aborted conciliation agreement can bar a claimant's resort to the district court."); *Kopec v. City of Elmhurst*, 966 F. Supp. 640, 648 (N.D. Ill. 1997) ("[W]hile conciliation is encouraged, it is not an inalienable right of a defendant."); *Burton v. Great Western Steel Co.*, 833 F.Supp. 1266, 1273 (N.D. Ill. 1993). Here, Defendant has not alleged that Plaintiff engaged in any misconduct of the type that might support the finding that Plaintiff wrongfully deprived Defendant of the opportunity to conciliate.

For the foregoing reasons, Defendant's Motion for Summary Judgment is denied. Plaintiff may proceed with discovery.

_____
Mark Filip
United States District Judge
Northern District of Illinois

Enter: __APR 1 5 2004__

11